UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JENNIFER L. FROEHLICH,

                Plaintiff,                    **MEMORANDUM AND ORDER**
                                          11 CV 2977 (DRH) (WDW)

              - against -

HOLIDAY ORGANIZATION, INC. and
BARRY WEISBERG,

                  Defendants.
-----------------------------------------------------------X

**APPEARANCES:**

**BLAU BROWN LEONARD LLC**
Attorneys for Plaintiff
224 West 30th Street
Suite 809
New York, New York 10010
By:    Shelly A. Leonard, Esq.

**ROSENBERG, FORTUNA & LAITMAN**
Attorneys for Defendants
666 Old Country Road
Garden City, New York 11530
By:    Anthony Filosa, Esq.

**HURLEY, Senior District Judge:**

        Plaintiff Jennifer L. Froehlich ("plaintiff") commenced this action against defendants

Holiday Organization, Inc. ("Holiday") and Barry Weisberg ("Weisberg"), (collectively,

"defendants"), asserting claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§§ 2000e *et seq.* ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978, 42

U.S.C. § 2000e(k) ("PDA"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

("ADA"), and the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYHRL").

Plaintiff alleges that defendants discriminated against her based upon her gender, pregnancy, and

disability.

Presently before the Court is defendants' motion, made pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of the Complaint.  For the reasons set forth below, defendants' motion is granted in part and denied in part.

## BACKGROUND

### I.    Factual Allegations

Plaintiff, a female and resident of Suffolk County, New York, started working for Holiday in 2005 under the supervision of Weisberg, Holiday's Vice President of Food & Beverage Operations.  According to plaintiff, Weisberg "had the authority . . . to hire, fire, discipline and discharge" plaintiff.  (Compl. ¶ 14.)

At some point after 2005, plaintiff informed defendants that she was pregnant and that she intended to return to work after taking maternity leave.  Plaintiff alleges that after announcing her pregnancy, defendants "engaged in a persistent and pervasive course of intimidation, harassment, humiliation, interference with Plaintiff's work performance and created a hostile and offensive work environment."  (*Id.* ¶ 16.)  Plaintiff further alleges that defendants "ultimately terminated Plaintiff" while she was on maternity leave, and replaced her with a "younger male employee."  (*Id.* ¶¶ 16, 19.)  Plaintiff asserts that the alleged discrimination, hostile work environment, and wrongful termination were all based "solely on her pregnancy, disability, and gender."  (*Id.* ¶¶ 16, 20.)

The Complaint asserts six causes of action: (1) a claim that Holiday violated the PDA by discriminating against plaintiff based upon her "pregnancy, childbirth or related conditions," (*id.* ¶ 23), (2) a claim that Holiday "and its agents" violated the ADA by discriminating against

2

plaintiff due to her disability (*id.* ¶ 33), (3) a claim that Holiday "and its agents" violated Title

VII by discriminating against plaintiff based upon her gender (*id.* ¶ 42), (4) a claim that Holiday

"and its agents" violated the NYHRL by engaging in "unlawful employment practice[s]" and

creating a hostile work environment based upon plaintiff's "gender and sex," (*id.* ¶ 51), (5) a

claim that Holiday "and its agents" violated the NYHRL by engaging in "unlawful employment

practice[s]" and creating a hostile work environment based upon plaintiff's "pregnancy and

related conditions," (*id.* ¶ 60), and (6) a claim that Holiday and Weisberg "separately and

together, have aided and abetted gender, sex and pregnancy discrimination and harassment, in

violation of the [NYHRL]."  (*Id.* ¶ 69.)

**II.     *Procedural History***

        Plaintiff alleges that she filed a written complaint of discrimination with the Equal

Employment Opportunity Commission ("EEOC") on December 16, 2008.  (*Id.* ¶ 4.)  On October

28, 2010, the EEOC issued the Notice of Right to Sue letter.  (*Id.* ¶ 5.)  Plaintiff alleges that

although plaintiff's counsel had given the EEOC "the firm's new and correct address, the EEOC

sent the document to an old address and same was never received."  (*Id.*)  Plaintiff further alleges

that the Right to Sue letter "was never mailed to the Complainant."  (*Id.*)  According to plaintiff:

"To correct their error, the EEOC re-sent the Right to Sue [letter] to Plaintiff's counsel by

facsimile on April 14, 2011."  (*Id.*)  The Complaint in this action was filed on June 22, 2011.

## *DISCUSSION*

### I.    *Legal Standard*

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has

recently clarified the pleading standard applicable in evaluating a motion to dismiss under Rule

12(b)(6).[1]

First, in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), the Court disavowed

the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint

should not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See*

*Twombly*, 550 U.S. at 561 (quoting *Conley*, 355 U.S. at 45-46) (internal quotation marks

omitted). Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only

enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss
> does not need detailed factual allegations, a plaintiff's obligation to
> provide the grounds of his entitlement to relief requires more than
> labels and conclusions, and a formulaic recitation of the elements
> of a cause of action will not do. Factual allegations must be
> enough to raise a right to relief above the speculative level, on the
> assumption that all the allegations in the complaint are true (even if
> doubtful in fact).

*Id*. at 555 (citations and internal quotation marks and alterations omitted).

---

[1]        Although defendants purport to additionally move pursuant Rule 12(b)(1) based
upon plaintiff's alleged failure to commence this action within ninety days of receiving the Right
to Sue letter, it is well-settled that "[compliance with the 90-day filing period of 42 U.S.C. §
2000e-5(f)(1) . . . is not jurisdictional." *See McClendon v. Bronx Cnty. Dist. Attorneys Office*,
764 F. Supp. 2d 626, 629 (S.D.N.Y. 2011) (citing *Johnson v. Al Tech Specialties Steel Corp.*,
731 F.2d 143, 146 (2d Cir. 1984)).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court provided further guidance, setting forth a two-pronged approach for courts deciding a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see also Ortiz v. City of New York*, 755 F. Supp. 2d 399, 401 (E.D.N.Y. 2010) ("[A] complaint must contain factual allegations to support the legal conclusions and the factual allegations must plausibly give rise to an entitlement of relief.") (internal quotation marks omitted).

## II.     Timeliness of Plaintiff's Title VII, PDA, and ADA Claims

Defendants argue that plaintiff's claims made pursuant to Title VII, the PDA, and the ADA (her "federal claims") should be dismissed because they were not timely filed.

5

Specifically, defendants argue that although the EEOC issued the Right to Sue letter on October 28, 2010, the present action was not commenced within ninety days thereafter.  (Defs.' Mem. at 6.)

"In order to be timely," a complaint asserting claims under Title VII, the PDA, or the ADA "must be filed within 90 days of the claimant's receipt of a right-to-sue letter."  *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) (citing 42 U.S.C. § 2000e-5(f)(1)) (Title VII and the PDA); *see also Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (citing 42 U.S.C. § 2000e-5(f)(1) and § 12117(a)) (ADA).  The receipt of a Right to Sue letter by a complainant's attorney is also sufficient to trigger the 90-day clock.  *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92-93 (1990); *Tiberio*, 664 F.3d at 38.

"Normally it is assumed that a mailed document is received three days after its mailing."  *Sherlock*, 84 F.3d at 526 (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984)); Fed. R. Civ. P. 6(e).  "And normally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice."  *Sherlock*, 84 F.3d at 525-26 (citing *Baldwin Cnty. Welcome Ctr.*, 466 U.S. at 148 n.1).  Defendants assert that the Court should apply these presumptions to the present case and presume that the Right to Sue letter was mailed on October 28, 2010, i.e., the date of its issuance, and that plaintiff received it three days later, on October 31, 2010.  (Defs.' Mem. at 5-6.)  Because this action was not commenced until June 22, 2011 – more than ninety days after October 31, 2010 – defendants urge the Court to dismiss plaintiff's federal claims as untimely.  (*Id.* at 8.)

6

However, the presumptions set forth above, while "convenient and reasonable in the absence of evidence to the contrary," are not "irrebuttable." *Sherlock*, 84 F.3d at 526. Indeed, the Second Circuit has made clear that "[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive." *Id.*

Here, plaintiff has submitted a declaration, sworn under penalty of perjury, in which she states that she "never received" the Right to Sue letter because it was mistakenly sent to 15 Cliffwood Lane, Aquebogue, New York 11931 – not to her correct address at 15 Cliffwood Lane, Ridge, New York 11961. (Decl. of Jennifer L. Froehlich, dated Dec. 19, 2011 ¶¶ 2, 3, 5.) Additionally, plaintiff's attorney, who also represented plaintiff before the EEOC, has submitted a sworn declaration in which she states that her law firm's address changed while plaintiff's discrimination charge was pending before the EEOC and, although she submitted her law firm's updated address to the EEOC, it nonetheless mailed the Right to Sue letter to the firm's old address. (Decl. of Shelly A. Leonard, dated Dec. 22, 2011 ¶¶ 3-5, 10.)[2] After telephoning the EEOC in April 2011 to inquire about the status of plaintiff's charge of discrimination, plaintiff's counsel learned that the Right to Sue letter had been issued in October 2010, and the EEOC sent plaintiff's counsel a copy of the Right to Sue letter by facsimile on April 14, 2011. (*Id.* ¶¶ 9, 10.)

The Court finds that this evidence is sufficient to rebut the presumption of receipt and creates a "question of fact" as to when the 90-day limitations period was triggered. *See Sherlock*,

---

[2]     According to plaintiff's counsel, "[a]s of October 2010, [the law firm] had been at its current location for over 14 months," and "[a]s such, the postal mail forwarding had expired." (Leonard Decl. ¶ 11.)

84 F.3d at 526.  This issue of fact cannot properly be decided in the context of a Rule 12(b)(6) motion to dismiss.  *See Comrie v. Bronx Lebanon Hosp.*, 133 F.3d 906, *2 (2d Cir. Jan. 27, 1998) (unpublished) (reversing district court's dismissal of discrimination claims as untimely on a Rule 12(b)(6) motion, and finding that plaintiff "sufficiently rebutted the three-day presumption" by submitting an affidavit specifying the later date on which she received the Right to Sue letter); *Smith v. Chase Manhattan Bank*, 1998 WL 642930, at *4 (S.D.N.Y. Sept. 18, 1998) ("Smith's sworn affidavit states that he did not receive the EEOC's letter because the agency sent it to an incorrect address, notwithstanding the fact that Smith had timely notified the EEOC of the change in his address prior to the date on which the letter was drafted . . . plaintiff has sufficiently rebutted the presumption of receipt, thereby creating an issue of fact as to when the 90 day limitations period began to run in his case.").

Despite the Second Circuit's unpublished decision in *Comrie*, at least one court within this Circuit has taken the position that sworn declarations of the type that were submitted by plaintiff and her attorney are extraneous materials that cannot properly be considered be on a Rule 12(b)(6) motion.  *See Everson v. N.Y. City Transit Auth.*, 216 F. Supp. 2d 71, 77 n.5 (E.D.N.Y. Aug. 12, 2002) (stating that, on a Rule 12(b)(6) motion to dismiss, the court "cannot" consider the claimant's affidavit explaining why he never received the Right to Sue letter).  Even if the Court were to adopt such a position, however, the allegations in the Complaint are sufficient to prevent the Court from dismissing plaintiff's federal claims as untimely.  Numerous courts within the Circuit "have held that the principle in Rule 12(b)(6) motions that a pleading's factual allegations must be taken as true applies to allegations that a plaintiff did not receive his EEOC letter within three days after the EEOC mailed it."  *Newell v. N.Y. City Dep't of Transp.*,

2010 WL 1936226, at * 2 (E.D.N.Y. May 12, 2010) (collecting cases); *see also J.D. Carpenter v. City of New York*, 2010 WL 2680427, at *2 (E.D.N.Y. June 30, 2010) (noting that "[i]n *Sherlock*, the complaint did not allege the date on which the plaintiff received the Right to Sue letter," but that "[i]n cases where a complaint does allege this information, courts in this circuit have held that the principle that all factual allegations in the complaint must be taken as true for the purposes of Rule 12(b)(6) motions applies"); *Spruill v. NYC Health & Hosp.*, 2007 WL 2456960, at *5 (S.D.N.Y. Aug. 23, 2007) (finding that although the Right to Sue letter was stamped as mailed on February 25, 2005, "[o]n a motion to dismiss, this Court must accept Spruill's allegation that he did not receive the right to sue letter until August 8, 2006"), *aff'd*, 367 Fed. Appx. 269 (2d Cir. Mar. 2, 2010); *Ridgeway v. Metro. Museum of Art*, 2007 WL 1098737, at *5 (S.D.N.Y. Apr. 10, 2007) (declining to apply presumption of receipt within three days of mailing in the context of a Rule 12(b)(6) motion when the complaint alleged a specific later date on which plaintiff received Right to Sue letter).

Here, plaintiff has alleged that the EEOC issued the Right to Sue letter on October 28, 2010, but "[d]espite the fact that Plaintiff's counsel gave the EEOC the firm's new and correct address, the EEOC sent the document to an old address and same was never received." (Compl. ¶ 5.) Plaintiff further alleges that the Right to Sue letter "was never mailed to the Complainant." (*Id.*) Thus, plaintiff alleges that neither she nor her attorney[3] received the Right to Sue letter until

---

[3]       Defendants argue that "[w]here, as here, the complainant receives notice from the EEOC, the attorney's receipt is irrelevant; it simply is not required for the ninety (90) day period to begin running." (Defs.' Mem. at 8.) This statement, of course, presupposes that plaintiff actually received the Right to Sue letter before her attorney did, or that the Complaint did not allege the date on which plaintiff received the Right to Sue letter, thereby invoking the presumption that she received it within three days of its mailing. Indeed, in both of the cases cited by defendants on this point, the plaintiffs had actually received the Right to Sue letter soon

the EEOC "re-sent the Right to Sue [letter] to Plaintiff's counsel by facsimile on April 14, 2011."
(*Id.*)  Taking these allegations as true, which the Court is required to do on a Rule 12(b)(6)
motion, the Court will not dismiss plaintiff's federal claims on the grounds that this action was
not commenced within ninety days of plaintiff's receipt of the Right to Sue letter.

In their moving papers, defendants state: "In the unlikely event that the Court is swayed
by plaintiff's anticipated denial of receipt of the Right to Sue Letter, then Defendants pray, in the
alternative, for an immediate trial on the issue of plaintiff's receipt of the Right to Sue Letter
pursuant to [Rule 42(b)]."  (Defs.' Mem. at 8.)  As noted above, plaintiff's opposition papers
included sworn declarations that proffer an explanation why neither she nor her attorney received
the Right to Sue letter until April 2011.  In their reply papers, defendants do not reiterate their
request for a hearing on the issue of the date of plaintiff's receipt of the Right to Sue letter, and it
is not clear whether this request has been abandoned.  "Where . . . the date of receipt of a right to
sue letter is disputed, courts have held evidentiary hearings prior to a trial on the merits."
*Comrie*, 133 F.3d at *2; *see also O'Neal v. Marine Midland Bank, N.A.*, 848 F. Supp. 413, 422
(W.D.N.Y. 1994).  If defendants still maintain that factual issues exist regarding the date plaintiff
received the Right to Sue letter and that an evidentiary hearing is required at this juncture,
defendants may renew their request for such a hearing via a letter filed on ECF.

---

after it was mailed by the EEOC.  *See Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849 (7th
Cir. 2001); *McClendon*, 764 F. Supp. 2d at 627.  As the Seventh Circuit made clear in
*Threadgill*, "[t]he attorney's receipt is pertinent only because he is an agent of the plaintiff.  If . . .
the plaintiff *actually receives notice from the EEOC*, the attorney's receipt is irrelevant."  269
F.3d at 850 (emphasis added).  Here, plaintiff has alleged that she never received the Right to
Sue letter and, as such, the date on which her attorney received it would be relevant to the
question of when the 90-day limitations period began to run.

Finally, the parties devote much of their briefing to the applicability of the doctrine of equitable tolling.  "The Supreme Court [ ] has evinced a policy of treating Title VII time limits not as jurisdictional predicates, but as limitations periods subject to equitable tolling."  *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984).  Because the Court has not made a finding that plaintiff commenced this action more than 90 days after she received the Right to Sue letter, there is no need to determine, at this juncture, whether equitable considerations warrant the tolling of the applicable 90-day limitations period.

### III.      The Sufficiency of Plaintiff's ADA Claims

Defendants assert that plaintiff has failed to adequately allege a claim under the ADA because "[p]regnancy in and of itself is not a disability within the meaning of [that statute.]" (Reply at 13; *see also* Defs.' Mem. at 12.)

The ADA prohibits covered employers from discriminating "against a qualified individual on the basis of disability . . . ."  42 U.S.C. § 12112(a).  To maintain an ADA claim, a plaintiff must establish, *inter alia*, that she "was disabled within the meaning of the ADA." *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001).  An individual with a "disability" within the meaning of the ADA: (A) has "a physical or mental impairment that substantially limits one or more major life activities," (B) has "a record of such an impairment," or (C) is "regarded as having such an impairment."  42 U.S.C. § 12102(1).

"Pregnancy does not typically constitute a disability under the ADA."  *Sam-Sekur v. Whitemore Grp., Ltd.*, 2012 WL 2244325, at *7 (E.D.N.Y. June 15, 2012); *see also Leahy v. Gap, Inc.*, 2008 WL 2946007, at *5 (E.D.N.Y. July 29, 2008); *Minott v. Port Auth. of N.Y. & N.J.*, 116 F. Supp. 2d 513, 525 (S.D.N.Y. 2000) ("Every court to consider the question of

11

whether pregnancy in and of itself is a 'disability' within the meaning of the ADA has concluded that it is not.").  Plaintiff does not dispute this, but argues that at least one court within this Circuit has "distinguished between a normal, uncomplicated pregnancy itself and a complication or condition arising out of the pregnancy."  (Pl.'s Opp'n at 9 (citing *Cerrato v. Durham*, 941 F. Supp. 388, 392 (S.D.N.Y. 1996).)  Plaintiff contends that "[she] never stated that her disability was limited to 'pregnancy' itself," and that dismissal of her ADA claim "would be premature without the benefit of discovery."  (*Id.* at 10.)

Despite the implication in her opposition papers that plaintiff suffered from some disabling pregnancy-related condition, plaintiff has failed to allege the nature or duration of such a condition, and has failed to allege how it "substantially limited a major life activity."  *See Sam-Sekur*, 2012 WL 2244325, at *8.  "Only in extremely rare cases have courts found that conditions that arise out of pregnancy qualify as a disability.  In these cases, 'it is the physiological impairment that results from complications that renders the person disabled.'" *Id.* (quoting *Conley v. United Parcel Serv.*, 88 F. Supp. 2d 16, 19 (E.D.N.Y. 2000)).  As currently pled, the Complaint fails to allege that plaintiff suffered from "any physiological impairment as a result of her pregnancy that could conceivably fall within one of the extremely rare cases in which courts have found that conditions that arise out of pregnancy qualify as a disability." *Id.*

Plaintiff suggests that her ADA claim should not be dismissed without the benefit of further discovery, (Pl.'s Opp'n at 9-10), although she does not articulate how conducting discovery will assist her in alleging whether she suffered from any disabling condition. Defendants' motion to dismiss plaintiff's ADA claim is granted and that claim is dismissed without prejudice.  As set forth below, however, plaintiff will given one limited opportunity to

seek leave to amend her ADA claim to sufficiently allege that she suffered from a covered
disability.

### IV.    *Plaintiff's Claims Against Defendant Weisberg*

Defendants argue that to the extent that plaintiff attempts to assert Title VII, PDA, and
ADA claims against Weisberg, any such claims should be dismissed "for it is well settled that the
agent of an employer is not subject to individual liability" under those statutes.  (Defs.' Mem. at
11.)  In response, plaintiff clarifies that the only claim she has asserted against Weisberg
individually is an "aiding and abetting claim" under the NYHRL.  (Pl.'s Opp'n at 2 n.1.)

For the first time in their reply papers, defendants argue that "[a] company's individual
employees are not subject to suit as 'employers' under New York Executive Law § 296 if they
are not 'shown to have ownership interest or any power to do more than carry out personnel
decisions made by others.'" (Reply at 12 (quoting *Patrowich v. Chem. Bank*, 63 N.Y.2d 541, 542
(1984).)  The NYHRL prohibits "an employer" from engaging in discrimination based upon,
*inter alia*, gender.  N.Y. Exec. Law § 296(1)(a).  Additionally, the NYHRL makes it unlawful for
"any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this
article, or attempt to do so."  N.Y. Exec. Law § 296(6).  The Second Circuit has made clear that
"this language allow[s] a co-worker who 'actually participates in the conduct giving rise to the
discrimination claim' to be held liable under the NYSHRL even though that co-worker lacked
the authority to either hire or fire the plaintiff."  *Feingold v. New York*, 366 F.3d 138, 158 (2d
Cir. 2004) (quoting *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995)).  Thus, even if the
Court were to find, as defendants urge, that plaintiff's allegations regarding Weisberg's alleged
authority to hire and fire plaintiff are mere "threadbare allegations," (*see* Reply at 12), because

plaintiff has alleged that Weisberg "actually participate[d]" in the alleged discriminatory conduct, she has adequately pled a claim against him pursuant to New York Executive Law § 296(6).  *See Tomka*, 66 F.3d at 1317.

*CONCLUSION*

For the reasons set forth above, defendants' motion seeking the dismissal of plaintiff's claims made pursuant to Title VII, the PDA, and the ADA on timeliness grounds is denied.  To the extent that defendants maintain that factual issues exist regarding the date plaintiff received the Right to Sue letter and that an evidentiary hearing is required at this juncture, defendants may submit a written request for such a hearing within thirty days of the date of this Order.

Defendants' motion is granted to the extent that plaintiff's ADA claim is dismissed. Although plaintiff did not request leave to amend her Complaint in the event that any portion of defendants' motion to dismiss was granted, the Court will permit plaintiff a limited opportunity to request leave to amend her Complaint to cure the deficiencies in her ADA claim noted herein. Plaintiff shall file a pre-motion conference letter requesting leave to amend with respect to her ADA claim within thirty days of the date of this Order.  Defendants' response, if any, shall be filed within ten days thereafter.

That portion of defendants' motion seeking to dismiss the NYHRL "aiding and abetting" claim asserted against defendant Weisberg is denied.  Finally, because the Court has not dismissed plaintiff's federal claims in their entirety, that portion of defendants' motion requesting that the Court decline to exercise supplemental jurisdiction over plaintiff's NYHRL claims (Defs.' Mem. at 10) is denied.

**SO ORDERED.**

Dated:  Central Islip, New York
         September 27, 2012                           _____/s/_____

                                                     Denis R. Hurley
                                                     Unites States District Judge

15